Augustus Pullis *et al.*, Respondents, v. E. T. Hoffman *et al.*, Appellants.

### St. Louis Court of Appeals, January 31, 1888.

1. Practice — Referee's Findings — Mechanic's Lien — Time of Filing.—The findings of fact by a referee, in a common-law or statutory proceeding, will not be reviewed on appeal, if supported by substantial testimony. The referee having found, upon substantial evidence before him, that the plaintiff's lien claim was filed in proper time, the question of fact as to such timely filing will not be inquired into by this court.

2. Mechanic's Lien—Building Over Boundary Line.—The mere fact that part of a building extends over the boundary line of the owner's lot, will not, of itself, deprive the claimant of his lien for work done or materials furnished on that part of the building.

3. ———— Erroneous Items in Account.—Items inserted in a lien account, for which no lien can be allowed in law, will not affect the lien claim as to the lienable items, if the two classes are easily separable.

4. ———— Extra Work.—Where the original contract provides for the doing of extra work as it may be required, the items of such extra work, when done, are properly included in the account made under the original contract, and do not require separate contracts. Nor will they be excluded from the lien on account of the time of their performance, if the last item under the original contract was within the proper time.

Appeal from the St. Louis Circuit Court, Hon. Shepard Barclay, Judge.

*Affirmed.*

Julian Laughlin, for the appellants: Any material furnished by plaintiffs, and by them laid in Locust street, is not the subject-matter of a lien, and any material so furnished, or work and labor done in placing the same in Locust street, would not be the subject-matter of a lien within the meaning of the mechanics' lien

act. As early as 1852, in the case of *Edgar v. Salisbury*, the Supreme Court of this state decided that the mechanics' lien act gave no lien to an agent employed to disburse money and pay off hands in the building of a house, and held in that case, that if the party seeking the benefit of the act mingled in his account a charge for such work with other charges for which he might be entitled to a lien, and the whole summed up in one item, so that it was impossible to ascertain, from the account filed, how much of the gross charge he could properly have a lien for, he thereby deprived himself of the benefit of the act, and his lien failed. *Blakey v. Blakey*, 27 Mo. 39; *Kershaw v. Fitzpatrick*, 3 Mo. App. 575; *Reader v. Bensberg*, 4 Mo. 445; *Nelson v. Withrow*, 14 Mo. App. 270; *Murphy v. Murphy*, 22 Mo. App. 18. A lien claim must be substantially correct, and sufficiently definite; a claim filed for an amount greatly in excess of the amount due is not in compliance with the statute. *Kling v. Construction Co.*, 4 Mo. App. 410. The statement of lien required to be filed in the office of the circuit court clerk must contain a true account, which furnished its own explanation without reference to other papers or contract. *Foster v. Wulfing*, 20 Mo. App. 85; *Henry v. Rice*, 18 Mo. App. 497.

COLLINS & JAMISON, for the respondents: A lien is not lost or vitiated merely because, through inadvertence, or mistake, and without any fraudulent purpose, the claimant includes in his account items for which he is not entitled to a lien. *Allen v. Mining Co.*, 73 Mo. 688. All the work and labor done on a building, and all the material furnished by the same person, constitute a demand, and the account accrues when the last item is furnished. The extras are not a separate demand. The illuminated tiling used as a covering for the cellar, extending outside of the building line, formed a part of the building, and constituted the subject-matter of a mechanic's lien. *Kershaw v. Fitzpatrick*, 3 Mo. App. 275. The city permits the use of the sidewalk to the

extent and for the purpose taken advantage of by this owner, and McManus, therefore, had an interest in the sidewalk so used and occupied, and she will not be permitted to deny title. *Fleitz v. Vickery*, 3 Mo. App. 592. The owner of land joining in a public highway, street, or alley, owns the fee to the centre thereof, subject to an easement in the public. *Bridge Co. v. Schawbacker*, 57 Mo. 582; *Kellogg v. Malin*, 50 Mo. 496. The judgment in a mechanic's lien suit attaches to, and a sale under such judgment passes only such interest as the owner of the house has in the realty, but the lien extends to whatever interest such owner has, whether equitable or legal. *Fleitz v. Vickery*, 3 Mo. App. 592; *Cole v. Barron*, 8 Mo. App. 509; *O'Brien v. Hanson*, 9 Mo. App. 545. The plea that defendant, McManus, "has in good faith paid the contract price of said building to those who have furnished labor and material in the erection of the same," constitutes no defence to plaintiffs' cause of action. The case of *Henry v. Rice* (18 Mo. App. 497), decided by the Kansas City Court of Appeals, is not the law of the state of Missouri. *Knaube v. Kerchner*, 31 Ind. 217.

THOMPSON, J., delivered the opinion of the court.

This is an action by a firm of subcontractors against the principal contractor, for the erection of a building, and also against the owner of the building and premises, to recover a balance due for work and labor done, and materials furnished, in the erection of the building under a contract with the principal contractor, and also to enforce a lien for such balance upon the building, and the land on which it is situated. The principal contractor, Hoffman, answered with a general denial; the owner of the building and premises, McManus, filed a separate answer, portions of which were stricken out; so that, upon the issue raised by a reply to the remainder, the questions were raised which we are called upon to consider. The case was referred, by consent, to a referee, to try all the issues of law and fact. The

referee tried the issues, and filed a report, which was accompanied by the evidence submitted to him at the trial. In this report he recommended a judgment against the defendant, Hoffman, the principal contractor, in the sum of $2,035.40, and that the same be adjudged a lien upon the interest of the defendant, McManus, in the building and grounds described in the petition. Exceptions were filed to the report, which were overruled, and judgment was thereupon entered in conformity with the report, from which judgment the defendant, McManus, prosecutes this appeal. There can, of course, be no contest on this appeal, as to the propriety of the judgment against Hoffman ; nor can there be any question that, if the plaintiffs are entitled to a lien at all, they are entitled to a lien for the full amount of this judgment, unless their lien is to be cut down for reasons which will be hereafter considered.

I. One of the grounds upon which the validity of the plaintiffs' lien is assailed is, that it was not shown that the last item of work done by them under their contract with Hoffman was done within four months before their claim of lien was filed. It is a sufficient answer to this that there was substantial evidence, including an admission of the appellants' counsel, in support of the conclusion of the referee that the last item of the work was done within four months of the filing of the claim of lien.

II. The next objection is, that the account filed with the claim of lien mingles together items for which the law gives a lien with items for which the law gives no lien. The item which constitutes the principal specification under this objection is an item of ninety-six dollars for illuminating tiling. Touching this item the referee found, under the evidence, that the illuminating tiling went into the front of the building, in the vestibule of the door, in the rear of the front sill, and also extended from the south line of the building about four feet into the sidewalk. There was also evidence tending

to show that the portion of the illuminating tiling which was extended into the sidewalk was so extended under a license from the city, embodied in one of its ordinances, and that it furnished a covering for that part of the cellar of the building, which, under such license from the city, extended southwardly under the sidewalk beyond the line of the building. He held, as a conclusion of law, that this item was one for which the law gives a lien. We are of the same opinion. The evidence showed that this illuminating tiling is very thick transparent glass, which is placed over areas under sidewalks for the purpose of lighting such areas. In this case the tiling was obviously so placed as to be merely a window to the cellar, which extended out under the sidewalk. In reaching this conclusion the referee distinguished the decision of this court in *Kershaw v. Fitzpatrick*, not reported in full, but digested, in 3 Mo. App. 575. It was there held that a mechanic's lien does not attach for the laying of a lead pipe two hundred and fifty feet in length under a public street, for the purpose of connecting a bathroom in the building with a water main in the city. In a general way, the reasoning of the court was that such a connection is not essential to the use of the building as a residence. It is not necessary, for the purposes of this case, for this court now to say whether they regard that case as well or ill decided. We hold that that case is not authority for the proposition that a transparent covering extending from the front line of a building four feet into the sidewalk, made for the purpose of lighting an area under a sidewalk and with it the cellar of the building, is not an essential part of a building itself, and this, although the south boundary of the lot is the north line of the street, and although the fee of the street may be in the city. The mere fact that some portion of a building extends beyond the marginal line of the lot upon which the building is erected cannot, of itself, deprive a mechanic or a materialman of a lien for work done or materials furnished on that part of it; since, if this

were so, there could be no lien for work done or materials furnished upon projecting cornices or eaves, which, as is well known, in many buildings in cities, extend beyond the marginal lines of the ground on which they are situated.

III. A second specification, which we understand the appellants intend to rank under the same objection, is an item of one dollar and eight cents, for five anchors, and another item of four dollars for thirty ventilators. It is admitted that neither of these items went into the building. But the referee finds that these items were inserted in the account filed with the claim of lien by a mere mistake, and he justly concludes, on the authority of *Allen v. Mining Company* (73 Mo. 688, 692), that such a mistake ought not to vitiate the whole lien. It may be added that this conclusion is unassailable, for the further reason, as stated in the opinion of this court, in *Johnson v. Building Company* (23 Mo. App. 546, 549), that these were items for which a lien *might* have attached, and that they were clearly severable from the rest of the account, and not mingled with other items so as to be incapable of separation. They are, therefore, not within the rule in *Nelson v. Withrow* (14 Mo. App. 270), and cases there cited, but are within the rule in *Kershaw v. Fitzpatrick* (3 Mo. App. 575), reaffirmed on this point in *Johnson v. Building Company* (*supra*), where it was said that, where an objectionable item can be separated from the other part of the account, the lien may stand.

IV. Objection is made to certain items in the account filed with the claim of lien, which were for materials not called for in the original contract between the owner and the principal contractor, but which were what are called in the language of building contracts "extras." It is not claimed that these were not furnished under a contract between the principal contractor and the owner; but the argument, as we understand the force of it, is, that as they were not called for in the

original contract they furnished the material for separate accounts, and that, as these items were furnished more than four months before the filing of the lien, they were not the subject of the lien, and the mingling of them with items which were the subject of the lien, vitiates the whole. The account filed with the claim of lien distinctly shows which of the items were furnished under the original contract and which were denominated extras; so that if these items had, by lapse of time, lost the quality which rendered them the subject of a lien, their presence in the account would not vitiate the whole lien. They are not mingled with other items so as to be incapable of separation upon an inspection of the account, so as to bring them within the rule of *Nelson v. Withrow (supra)*, but they are distinctly designated so as to be easily capable of separation. The referee could, if he had deemed it necessary, have rejected them so as to save the lien for the rest; and, if necessary, we could require a *remittitur* to that extent. But we are of opinion that these items are not to be deemed as having been furnished under a separate contract, so as to form separate items of separate accounts, and require the filing of one or more separate claims of lien. Such a view would be extremely inconvenient. It is well known that very few buildings are erected exactly in compliance with the original specifications. Changes of view, or of taste on the part of the owner, or unforeseen events, induce subsequent deviations of greater or less extent. To provide for these, clauses are inserted in most of the building contracts which have come under our notice judicially, providing for the doing of any extra work which may be required, prescribing what shall be the authority to the contractor for doing it, etc. Such a clause is in the contract under which this building was erected. This extra work must, therefore, be regarded, in the absence of evidence to the contrary, as having been furnished under the original contract, and not under a new or different contract, in the sense or for the purposes of statutes relating to mechanics' liens. It would be exceedingly in-

convenient if a subcontractor, whenever he should do a piece of work or furnish materials not strictly called for in the original specifications, or denominated extras, should be obliged, in order to preserve his lien for them, to separate them from the rest of his account, and file his lien for them, even before the rest of his contract may have been completed, which would have been the case here if the appellants' contention were sound. The sound view seems to be that such items are to be deemed items in the "just and true account" which the statute requires to be filed, and that their lienable quality is not lost by lapse of time, if the last item of the general account of which they form a part was furnished less than four months prior to the filing of the claim of lien.

V. In fixing the amount for which the plaintiffs were entitled to their lien, the referee ruled, against the contention of the plaintiffs, that the decision of the Kansas City Court of Appeals in the case of *Henry v. Hinds* (18 Mo. App. 497), the same not being in conflict with any decision of this court or of the Supreme Court, was binding upon him as judicial authority. We are of opinion that, under the appellate court system, as at present organized in this state, this is the correct view. We do not understand the plaintiffs as challenging this view, but they do challenge the correctness of that decision and argue that it does not express the law of Missouri. It was there held that, after the owner pays the principal contractor the full contract price, in good faith, without knowledge of the demand of a subcontractor, and the money so paid actually goes to the satisfaction of claims for work done and materials furnished on the building, it is, in legal effect, the same as if the defendant had paid the contract money directly for the work and materials to the subcontractor, and that the property cannot thereafter be subjected to the lien of the subcontractor. As the referee has found in favor of the plaintiffs for all they claim and awarded them a lien accordingly, and as the court has confirmed this finding

and conclusion, it is not necessary, for any purpose of this case, to say whether or not we assent to the conclusion of the Kansas City Court of Appeals in that case. The referee in stating his conclusions has given full effect to that decision, and we could not change those conclusions without overturning his findings of fact, which are supported by substantial evidence, which would be tantamount to retrying the case here. This, in a law case, cannot be done. The referee, in following that decision, has given the appellants the benefit of the most favorable view of the law to which they are entitled. His finding of the facts might have been reviewed by the trial court and a new trial granted, if that court had been of opinion that it was against the weight of the evidence ; but we cannot award a new trial, in a case at law, on the ground that the verdict, or the finding of the referee, is against the weight of the evidence ; to warrant us in exerting such a power it must be unsupported by substantial evidence or opposed to evidence of an unequivocal character to which no doubt or suspicion attaches. Nor could the trial court, nor can this court, make a new finding of facts, since this would be equivalent to making a verdict in a case at law. If, therefore, conclusions of law the least favorable to the respondents warrant an affirmance of the referee's finding, the mere fact, stated in the printed argument of counsel, but not shown by the record, that the trial court affirmed the finding on a theory of the law less favorable to the appellants, is an error of which the appellants cannot complain. This judgment must then be affirmed whether the case of *Henry v. Hinds* (*supra*) was well decided or not.

It is so ordered. All the judges concur.