Schulenberg & Boeckler Lumber Co. v. Strimple.

SCHULENBURG & BOECKLER LUMBER COMPANY, Respondent, v. JOAB STRIMPLE *et al.*, Appellants.

**St. Louis Court of Appeals, December 11, 1888.**

1. **Evidence, Not Objected to.** Complaint cannot be made in an appellate court of the improper admission of evidence, when no specific objection thereto was offered in the trial court.

2. **Mechanic's Lien:** ACCOUNT. Objections to specific items in a mechanic's lien account on the ground that they are not lienable, cannot be considered under a general objection to the account as a whole.

3. **Mechanic's Lien:** ACCOUNT. An objection that a lien account is made out on an improper theory, and that it is not artistically correct, does not necessarily affect its sufficiency as a just and true account.

4. **Mechanic's Lien:** ACCOUNT. The fact that a lien account contains a number of items which were in the original bid, but for which no charge is made because they were never delivered, does not deprive the account of its character as a just and true account.

5. **Mechanic's Lien:** ACCOUNT. The fatal objection to an improper blending of items in a lien account is not founded on the introduction of some items which are not properly proved, but upon the inseparable blending of items for which no lien is given by law with others that are lienable.

6. **Mechanic's Lien:** LAST ITEM OF ACCOUNT. Although it may not appear how much of the last item in a lien account entered into the construction of the building, yet if it appear that some part thereof did so enter into the construction within the statutory period before the filing of the lien, the lien will not be held invalid on account of the date of filing.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Krum & Jonas* and *Taylor & Pollard,* for the appellants.

If items for which the law gives a lien are mixed in

and blended with others for which it gives no lien, so that it cannot be perceived from the account what proportion is chargeable for each, the lien must fail. *Edgar v. Salisbury*, 17 Mo. 271 ; *Kershaw v. Fitzpatrick*, 3 Mo. App. 576 ; *Nelson v. Withrow*, 14 Mo. App. 270 ; *Murphy v. Murphy*, 22 Mo. App. 18 ; *Gauss v. Hussmann*, 22 Mo. App. 118 ; *Schulenburg v. Hawley*, 6 Mo. App. 34 ; *Kling v. Construction Co.*, 7 Mo. App. 419 ; *Lowis v. Cutter*, 6 Mo. App. 54 ; *Henry v. Rice*, 18 Mo. App. 510 ; *Schulenburg v. Prairie Home*, 65 Mo. 295. If a given charge in the account is made up in part of that for which the law gives a lien, so mixed in and blended with others for which the law gives no lien as that it cannot be perceived from the account what proportion is chargeable for each, then such charge must be rejected. *Johnson v. Building Co.*, 23 Mo. App. 549 ; *Kershaw v. Fitzpatrick*, 3 Mo. App. 575 ; *Nelson v. Witherow*, 14 Mo. App. 270 ; *Murphy v. Murphy*, 22 Mo. App. 18. No lien attached save for the material which actually enters into the construction of the building. *Schulenburg v. Hawley*, 6 Mo. App. 34 ; *Dearborn v. Everhart*, 74 Mo. 37. The lien was invalid, because not filed in time. The statute is explicit and decisions uniform that a materialman's lien must be filed within four months after furnishing the last item for which recovery can be had, and which item entered into the construction of the building. R. S., sec. 3176 ; *Allen v. Furnace Co.*, 73 Mo. 693 ; *Livermore v. Wright*, 33 Mo. 31 ; *Gauss v. Hussmann*, 22 Mo. App. 115 ; *Miller v. Hoffman*, 26 Mo. App. 203. Where the evidence fails to sustain the finding and judgment, the appellate court will reverse the judgment. *Schulenburg v. Vrooman*, 7 Mo. App. 133 ; *Scott v. Cook*, 8 Mo. App. 196.

*Rudolph Schulenburg*, for the respondent.

Plaintiff's lien is valid, although it blends and

commingles the lumber furnished under the bid with so called extra lumber. *Pullis v. Hoffman*, 28 Mo. App. 666. The court below, as trier of the fact, has found, as a matter of fact, that the lumber claimed to be a lien, and for which judgment was rendered, was all used in the erection of the building. The lumber furnished under the bid and the "extras" were intended all for one purpose and as one transaction between Strimple and plaintiff, and the account must be considered as one. The reading of plaintiff's bid contemplated the furnishing of lumber in addition to the items set forth in the bid, and the whole course of dealings between them showed that whatever lumber was ordered by Strimple for that house formed one and the same account. *Boylan v. Steamboat*, 40 Mo. 244; *Fulton v. Mining Co.*, 80 Mo. 269. "Where it is specially agreed or impliedly understood between the parties, that the account is to be kept open and continued as one and the same continuous transaction and course of dealing, the account will be considered as one continuous account and one demand." *Page v. Bettes*, 17 Mo. 367 ; *Sontag v. Doerge*, 14 Mo. App. 577.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant Harriet Beers, owner of certain hotel property in the city of St. Louis, being desirous of making extensive additions to her hotel, contracted in writing for their erection with the defendants Joab Strimple & Son. The contract bore date April 29, 1886, and provided among other things that the superintendent should be at liberty to make deviations from or alterations in the plan, form, construction and detail of execution, without invalidating the contract.

The plaintiff is a dealer in lumber. May 3, 1886, one of the Strimples called at plaintiff's yard, presented

an itemized list of the lumber he would require in per-
forming the contract of his firm, and asked the plaintiff
to make a bid for it. Plaintiff thereupon made a bid to
furnish the lumber thus required for twenty-four
hundred and ten dollars which was less than its reason-
able market value, the bid containing a memorandum to
the effect that "any additions or deductions will be at
the prices figured in this estimate."

The plaintiff thereupon began to furnish the lumber
required by Joab Strimple & Son, delivering it at the
building from time to time as ordered, until August 31,
1886. In the early part of August, Joab Strimple, the
senior member of the firm, absconded, leaving the
work unfinished, and it was thereafter completed by
the superintendent of the defendant Beers. Several
orders for lumber were thereafter made upon plaintiff,
which were partly signed by Page, foreman for the con-
tractors, and partly by H. Strimple, the partner of Joab
Strimple, who had absconded. The lumber upon these
orders was delivered, like that upon former orders, on
running account, and there was nothing to advise the
plaintiff until after the last delivery on August 31 that
the contract of Joab Strimple & Son for the erection of
the structure had been cancelled, rescinded or abrogated
in any manner.

The entire amount of lumber delivered by plaintiff
to the contractors up to August 31, 1886, amounted to
$2,673.63. The contractors paid on account prior to that
date $1,550.00, and had returned part of the lumber of
the value of $20.18, leaving a balance of $1,103.45 due
to the plaintiff, for which amount the plaintiff filed its
lien claim against the building December 29, 1886, and
the present action is prosecuted to enforce such lien
claim.

The cause was tried by the court, without the inter-
vention of a jury, and the plaintiff had judgment for
$1,059.90, being the amount of its claim with interest,

less a voluntary credit of $80.09. The judgment was declared to be a lien upon the property.

From this judgment, Beers the owner appeals, assigning for error: (1) That the court admitted improper evidence; (2) that the court refused a proper declaration of law ; and (3) that the judgment is against the evidence.

The appellant complains that the court erroneously admitted in evidence a dray-ticket bearing date August 31, 1886, for five hundred feet clear poplar lumber and ninety-three feet assorted pine; that this item was the only item, as shown by the evidence, delivered within four months next preceding the filing of the lien claim, and if rejected, would necessarily have debarred the plaintiff from any recovery against the property.

We fail to find in the record that proof of this item was objected to specifically in any way. We even fail to see that the dray-ticket ever was offered in evidence. Proof of the item was clearly admissible against the contractor regardless of the fact whether the lumber entered into the construction of the building, because the plaintiff was bound to establish the extent of the contractors' liability by evidence, notwithstanding the fact that they failed to answer, but made default.

The objection to the admission of the lien account in evidence is based on the grounds, that it was not shown by prior evidence that certain items therein contained were lienable items as against this property, and that the whole account was constructed on an erroneous theory, and was therefore not a just and true account.

As to the first ground of objection it will suffice to say that such an objection cannot be made effective by objecting to the account as a whole, and certainly not in a case like the present where the evidence is not clear and conclusive. Objection should be made to the specific items in the account, which are claimed to be

non-lienable, and any question of law saved by instructions predicated upon hypothetical facts.

As to the second ground of objection it will suffice to say that the account is constructed on the only theory on which, in justice to all parties, it could be constructed, but that the real question in these cases is, not whether the account is artistically correct, but whether it is just and true.

The plaintiff, as above seen, had agreed to deliver a certain quantity of lumber for a certain price which was less than the aggregate market value of such lumber. Additions and deductions were to be at the same rate. In point of fact the contractors did not take all the lumber bid for, but took a good deal of additional lumber, which was charged to them at the rate of the original bid, and is so charged in the lien account filed. That the account thus filed contains a number of items which were in the original bid, but for which no charge is made because they were never delivered, may be matter of surplusage, but does not deprive the account of its character of a just and true account. The objection on that ground is wholly without merit.

The defendants offered no evidence. At the close of the plaintiff's case they requested the court to declare that under the pleadings and evidence the plaintiff was not entitled to recover a mechanic's lien against the property sought to be charged, and this was the only declaration of law asked.

It is evident that if the plaintiff offered any evidence tending to show that it was entitled to a lien, then the instruction was properly refused. The defendants claim that the evidence fails to establish that the entire amount of the five hundred and ninety-three feet of lumber furnished August 31, entered into the construction of the building, and as the plaintiff adduced no evidence tending to show what part of such lumber did so enter and what part did not, the evidence presents

one of that class of cases where lienable items have been mixed in the account with items non-lienable, so as to become incapable of separation, whereby the entire lien claim is lost. *Edgar v. Salisbury*, 17 Mo. 271; *Gauss v. Hussmann*, 22 Mo. App. 118.

This claim is based upon a misconception of the law. It is the inseparable blending of items, for which the law gives no lien, because they are not lienable in their nature, with lienable items which defeats the entire lien claim and not the blending of lienable items, some of which remain unproved or unproved to their full extent. That distinction is clearly drawn in *Johnson v. The Building Company*, 23 Mo. App. 549, 550, and reiterated in *Pullis v. Hoffman*, 28 Mo. App. 671.

Conceding for the sake of argument that the plaintiff had failed to establish that all the lumber contained in the item of August 31, entered into the construction of the building, and had further failed to establish the exact amount of this particular item which entered into the construction of the building, that of itself would not defeat its entire lien claim, even though that item is the only one which draws the account within the statutory limitation. The fact that part of the item was so used still remains uncontroverted, and though plaintiff in the absence of definite proof may be entitled only to nominal damages, as against the owner, on account of that particular item, the fact that the entire indebtedness accrued within four months still remains established.

It will be thus seen that on any view of the evidence, the court was warranted in refusing the declaration of law asked by the defendant owner. As no claim is made, either in the motion for new trial or in the assignment of error filed in this court, that the damages are excessive, we are not even called upon to examine the evidence to determine whether it is sufficient to warrant a finding for this whole item, amounting to $22.10, in favor of

plaintiff, or whether the court's finding necessarily includes that item.

Seeing no error in the record, we affirm the judgment. All the judges concur.