The Dugan Cut-Stone Co. v. Gray.

---

DUGAN CUT-STONE COMPANY, Appellant, v. GEORGE J. GRAY *et al.*, Respondents.

Kansas City Court of Appeals, February 2, 1891.

1. **Mechanics' Lien**: SIDEWALK : MATERIALMAN. A materialman cannot have a lien upon the lot and building thereon for material furnished for a sidewalk laid in the street adjoining the building, although the building has a basement with an area way excavated under the sidewalk to the outer line thereof.

2. ——— : ——— : ROOF OF AREA : PUBLIC USE. The fact that the sidewalk constitutes the roof of the area will not create the right to a lien, since such use is merely incidental, the public use being the primary one.

3. ——— : ——— : PROPERTY NOT SUBJECT TO EXECUTION : APPURTEN-ANCES. It is a principle of law that a lien will not exist against property which cannot be taken in execution. *Quaere*, whether the sidewalk would pass as appurtenant to building, considered.

4. ——— :' ———. The case of *Pullis v. Hoffman*, 28 Mo. App. 666, and other cases *distinguished*.

5. ——— : ——— : PART ON LOT : MINGLING ACCOUNT. Though part of the stone in the account is laid on the lot, there can be no lien therefor, since it is blended in the account with the other, and the lien, therefore, is waived or lost.

*Appeal from the Jackson Circuit Court.*—HON. RICHARD H. FIELD, Judge.

AFFIRMED ( *certified to the supreme court* ).

*Lathrop, Smith & Morrow*, for appellant.

(1) The mechanics' lien law is to be liberally construed. *De Witt v. Smith*, 63 Mo. 263 ; *Gibson v. Nagel*, 15 Mo. App. 597. (2) Stone flagging used as the covering or roof of an area way, which is constructed at the same time as the building, and used in connection with it, is properly subject to a lien, although it be outside of the lines of the lot, and although it be used as a sidewalk. *Pullis v. Hoffman*, 28 Mo. App. 666 ; *Henry v. Plitt*, 84 Mo. 241 ; *Beatty v. Parker*, 141 Mass. 523 ; *Kenny v. Apgar*, 93 N. Y. 539. (3) The reason of the rule that public property cannot be subjected to mechanics' lien does not apply to the case of an area way under the surface of the street. *Abercrombie v. Ely*, 60 Mo. 23 ; *McPheeters v. Bridge Co.*, 28 Mo. 465 ; *Dunn v. Railroad*, 24 Mo. 493. (4) The owner's title extends to the middle of the street. *Bridge Co. v. Schawbacker*, 57 Mo. 582 ; *Kellog v. Molin*, 50 Mo. 496. (5) Where lienable items are mingled with non-lienable

items, without any fraudulent intent, and in such a way that they can be separated by evidence, the lien will not be lost as to the lienable items. *Allen v. Mining Co.*, 73 Mo. 688.

*Brown, Chapman & Brown*, for respondents.

(1) A mechanics' lien attaches to such property and fixtures as form a part of the realty. *Haeussler v. Glass Co.*, 52 Mo. 452. (2) The account filed must be so itemized as to enable issue to be taken upon each item, and this, whether the owners have knowledge as to the correctness of the account, and whether the articles are furnished by the materialman to a contractor or to the owner. *Heinrich v. Gymnastic Soc.*, 8 Mo. App. 588. The lienor must stand or fall by the account filed. *Foster v. Wulfing*, 20 Mo. App. 85. Defects in such account are not cured by oral evidence, from which the jury may separate the items for which a lien is given from those for which a lien is not given. *Nelson v. Withrow*, 14 Mo. App. 270. (3) The statute requires that the account filed for a mechanics' lien shall be a just and true account of the amount due after all just credits have been given. *Shroeder v. Mueller*, 33 Mo. App. 28. The fatal objection of an improper blending of items in a lien account is founded upon the separable items for which no lien is given by law with others that are liable. *Lumber Co. v. Strimple*, 33 Mo. App. 154. A claim filed greatly in excess of the amount due is not a compliance with the statute. *Kling v. Construction Co.*, 7 Mo. App. 410. (4) If the items for which plaintiff has a lien are commingled with others for which no lien is given, the lien is lost on the whole. *Kershaw v. Fitzpatrick*, 3 Mo. App. 575; *Nelson v. Withrow*, 14 Mo. App. 270; *Murphy v. Murphy*, 22 Mo. App. 18. Especially, where such items are so mingled with those for which a lien may be had that they cannot be separated upon a mere inspection of the account. *Gauss v. Hussman*, 22 Mo. App. 115.

ELLISON, J.—The question presented by this appeal is whether a materialman has a mechanics' lien against the lot and the building thereon for material furnished for a sidewalk laid in the street adjoining the building, the building having a basement with an area way excavated under the sidewalk to the outer line thereof.

Our opinion is that he cannot. The statute gives a lien upon the "building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated to the extent" of the lot upon which the same are situated. A sidewalk is no part of a building. Although it adjoins or is connected with the building, it is no more a part of the building than is the land which adjoins the lot upon which the building is situated a part of the lot. If a lien can be had for a sidewalk laid in the street, it can be maintained quite as well against a lot without a building as where there is one; for it will be observed the statute gives the lien against a lot as well as the building. So it could be maintained against the lot and building, if the building stood back separated from the sidewalk.

But in this case we are met with the ingenious argument that the sidewalk constructed of the stone furnished by plaintiff is the roof of the area way or cellar under the sidewalk, and is, therefore, a part of the building or improvement upon the lot. It is true the sidewalk serves that purpose, but it does so in a mere incidental way. The sidewalk was not laid for a cellar roof for the owner, but was laid for a public walk for the city. It was not laid for the particular use and convenience of the owner of the property, but for the use and convenience of the public. The latter use was the primary object and its being constructed had no reference to the cellar. It would be laid though no excavation had been under it.

But, more than this, the owner of the lot and building has no absolute right to build a sidewalk. It

is a permission given him by the statute, state or munic-
ipal.   The municipality may prescribe of what width
and material it shall be, and unless restrained by statute
may construct the walk through its own agencies just as
it would pave the street.   If the city should do this,
would it be held that the walk was a part of the build-
ing though it did touch the building, and did operate as
a cover for the area way?

Again, it is a principle of law, that a lien will not
exist against property which cannot be taken in exe-
cution.   *Abercrombie v. Ely*, 60 Mo. 23; Phillip's
Mechanics' Liens.   Counsel answered this suggestion at
the argument by saying that the lot and building could
be sold, and that the sidewalk would go as an appurte-
nance.   Laying aside the fact that our statute is silent
as to appurtenances, this difficulty presents itself: Sup-
pose there had been a mortgage on the lot, as contem-
plated by section 6707, Revised Statutes, 1889, before
the building and sidewalk in question had been con-
structed, who would get the sidewalk, the purchaser at
foreclosure of the mortgage, or foreclosure of the lien?
Or suppose the building had been erected by one not the
owner of the lot.   In such case the lien would be enforced
against the building, the purchaser having reasonable
time to remove it.   R. S. 1889, sec. 6708.   Could such
purchaser remove the sidewalk also?

We are, however, cited to authorities which on first
reading give some color to plaintiff's claim.   In the
case of *Pullis v. Hoffman*, 28 Mo. App. 666, a lien was
sustained for "illuminating tiling" which extended
over the vestibule in the door, out four feet into the
sidewalk.   The tiling was "very thick transparent glass,
which is placed over areas under sidewalks, *for the
purpose of lighting such areas*," and in that case oper-
ating as a window for the cellar.   The italics are ours.
Those words show a recognition of the leading facts
in that case, that the glass tiling was placed in the

sidewalk for the purpose of lighting the area way. The tiling was not properly the sidewalk itself. It was placed *in* the sidewalk by license from the city. And, while the tiling may have practically operated as a part of the sidewalk, such was not its primary purpose. No more than are cellar doors or stairways which are sometimes placed in sidewalks, by license of the city, for the purpose of going into the cellar.

The case of *Kenny v. Apgar*, 93 N. Y. 539, does sustain a lien for material used in constructing a sidewalk, but the decision is upon the New York statute which embraces the lot and "appurtenances." The court says that "it may fairly be held that a sidewalk in front of a building is an appurtenance thereto within the meaning of the law." The case of *Beatty v. Parker*, 141 Mass. 523, does not show what the Massachusetts lien law is, but it is not material so far as the case applies to this. The lot-owner employed a builder to erect a house upon the lot, in which were to be conveniences for the use of the city water, which there were to be connected with the street sewer. These water conveniences in the house were to be connected with the sewer by a drain pipe to be laid in the cellar, thence through the cellar wall, thence through the yard to the street, and into the street to the sewer. The drain in the cellar was twenty-five feet, in the yard, ten feet, and from the line of the street to the sewer, twenty-seven feet. A lien was sustained for the whole of the drain pipe. The difference between that case and this is apparent. Without noting other material differences, it is enough to say that the pipe was a part of the building ; it was the property of the owner of the building ; it was only for the convenience of the building. It served no public purpose. In that case the public sewer served the building or its owner in an analogous way to the sidewalk in this case ; but I take it that the Massachusetts court would not have sustained a lien for the

sewer, even though it had been along the line of the lot and the street, and had been constructed under an ordinance by abutting property-holders. The case of *Henry v. Plitt*, 84 Mo. 241, was for "walks on the premises." This case could well be sustained by the letter of the statute itself, which includes "improvements" on the lot. The case does not apply as the facts are unlike.

It is claimed that a part of the stone in the account herein was laid partly on the lot, and that though that for the sidewalk may not be lienable that on the lot is. But the whole material is inseparably blended in the account filed, and cannot be distinguished. In such case the lien is waived or lost. *Edgar v. Saulsbury*, 17 Mo. 271 ; *Schulenberg Lumber Co. v. Strimple*, 33 Mo. App. 154. The case of *Allen v. Mining Co.*, 73 Mo. 688, is not applicable here.

The judgment is affirmed. All concur.

Judge GILL being however of the opinion that we are in conflict with the case of *Pullis v. Hoffman*, 28 Mo. App. 666, decided by the St. Louis Court of Appeals, the cause is certified to the supreme court.